# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

GERARDO HERNANDEZ,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Gerardo Hernandez is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Cavalry Portfolio Services, LLC is a Delaware limited liability company operating from an address at 500 Summit Lake Drive, Suite 400, Valhalla, New York, 10595.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Capital One N.A. (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Capital One N.A..

21. After the Account went into default with it was placed or otherwise transferred to the Defendant for collection.

22. The Defendant alleges that it purchased the Account after it went into default with Capital One N.A..

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s) including Van Ru Credit Corporation.

27. On or about 2013 the Defendant placed the Account with Van Ru Credit Corporation, 1350 E. Touhy Avenue, Suite 100E, Des Plaines, Illinois, 60018 for collection from the Plaintiff.

28. In the year prior to the filing of the instant action the Plaintiff and the Defendant via its agent(s) including Van Ru Credit Corporation had telephone conversation(s) regarding the Account.

29. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

30. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant, including Van Ru Credit Corporation, had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. In May 2013 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its agent, Van Ru Credit Corporation.

34. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Plaintiff disputed the Account.

35. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Plaintiff notified the Defendant that the Account was disputed.

36. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Plaintiff stated: I don't owe this much.

37. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Plaintiff stated: I don't agree that I owe that much.

38. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the

Defendant via its agent, Van Ru Credit Corporation, stated: I understand. What do you think you owe on this?

39. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Plaintiff stated: Not that much. That's too much.

40. During the telephone conversation regarding the Account in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Defendant via its agent, Van Ru Credit Corporation, stated: I understand that sir.

41. During the telephone conversation in May 2013 between the Plaintiff and the Defendant via its agent, Van Ru Credit Corporation, the Defendant via its agent, Van Ru Credit Corporation represented to the Plaintiff that he had to pay the Account to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

42. The Defendant's representations stated in paragraph 42 were false and were false representations in connection with the collection of a debt, the Account.

43. In May 2013 the Plaintiff disputed the Account with the Defendant via its agent, Van Ru Credit Corporation.

44. In May 2013 the Plaintiff informed the Defendant via its agent, Van Ru Credit Corporation, that the Account is disputed.

45. Prior to June 2013 the Defendant's agent, Van Ru Credit Corporation notified the Defendant that the Account is disputed.

46. The Defendant was aware that the Account was disputed in May 2013.

47. Prior to June 2013 the Defendant was aware that the Account is disputed.

48. Prior to June 2013 the Defendant was informed that the Account is disputed.

49. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff disputed the Account.

50. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff notified the Defendant that the Account was disputed.

51. Prior to June 2013 the Defendant was aware that in May 2013 the Plaintiff stated during a telephone call with the Defendant via its agent, Van Ru Credit Corporation, regarding the Account: "I don't owe this much" and "I don't agree that I owe that much".

52. In May 2013 the Plaintiff sent the Defendant via its agent Van Ru Credit Corporation a $20.50 payment on the Account via US mail.

53. The Defendant via its agent Van Ru Credit Corporation received the Plaintiff's $20.50 payment on the Account in May 2013.

54. In June 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

55. In June 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

56. In June 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Credit Limit / Original Amount on the Account was: $524.

57. In June 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the balance on the Account was: $511.

58. In June 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: HSBC BANK NEVADA.

59. In June 2013 the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

60. In June 2013 the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

61. The information communicated to Experian, Equifax and/or Transunion by the Defendant in June 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

62. The information communicated to Experian, Equifax and/or Transunion by the Defendant in June 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

63. The only reason that the Defendant communicated the information regarding the Account in June 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

64. In June 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

65. In June 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax and did not communicate that the Account was disputed.

66. After May 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax without communicating that the Account was disputed.

67. After May 2013 the Defendant communicated information regarding the Account to the credit reporting agencies - Transunion, Experian and/or Equifax and did not communicate that the Account was disputed.

68. The information communicated to Experian, Equifax and/or Transunion by the Defendant after May 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

69. The information communicated to Experian, Equifax and/or Transunion by the Defendant after May 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

70. The only reason that the Defendant communicated the information regarding the Account after May 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

71. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in 2013.

72. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013.

73. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013.

74. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013.

75. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013.

76. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant via its agent, Van Ru Credit Corporation, made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

77. Upon information and belief the Defendant via its agent, Van Ru Credit Corporation, sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or

the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

78. Upon information and belief the Defendant's and its agent's Van Ru Credit Corporation's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 substantiate the Plaintiff's allegations in this action.

79. See attached **Exhibit 1** which is 2 redacted pages of Plaintiff's Experian Credit Report dated 7/8/2013 consisting of page 1 which indicates that it is the Plaintiff's credit report and page 8 which contains the Defendant's entry on the credit report for the Account.

80. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

81. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

82. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

83. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo.

2011).

84. The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

85. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

86. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

87. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

88. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

89. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

90. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

91. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

92. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

93. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

94. The previous paragraphs are incorporated into this Count as if set forth in full.

95. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

96. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff